## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK FONSECA** | * | **CIVIL ACTION NO. 2:23-cv-06377** |
| *Plaintiff,* | * | |
| *vs.* | * | **JUDGE JANE TRICHE MILAZZO** |
| | * | |
| **CHUBB EUROPEAN GROUP SE** | * | **MAGISTRATE JUDGE** |
| *Defendant.* | * | **MICHAEL B. NORTH** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CHUBB EUROPEAN GROUP SE'S ANSWER AND DEFENSES
### TO PLAINTIFF'S HURRICANE IDA PETITION FOR DAMAGES

**NOW INTO COURT**, through the undersigned counsel, comes Defendant, Chubb European Group SE ("Chubb"), who files this Answer and Defenses, and in response to the Hurricane Ida Petition for Damages (Rec. Doc. 1-1) ("Petition") filed by Plaintiff, Mark Fonseca ("Plaintiff"), respectfully avers as follows:

### FIRST DEFENSE

The Petition fails to state a claim against Chubb upon which relief can be granted.

### SECOND DEFENSE

In the alternative, and subject to the allegations of the Petition, Chubb denies each and every allegation of the Petition, except as may be admitted or modified hereafter.  Further responding to the allegations, Chubb avers as follows:

### ANSWER TO THE PETITION

To the extent that a response to the unnumbered introductory paragraph of the Petition is deemed necessary, Chubb admits that, upon information and belief, Plaintiff is a resident of the State of Louisiana.  Except as specifically admitted, the remainder of the allegations in the unnumbered introductory paragraph are denied based on lack of information sufficient to justify a belief therein.

1.

In response to the allegations in Paragraph 1 of the Petition, Chubb admits it is a foreign insurance company that is authorized to do business in the State of Louisiana. Except as specifically admitted, the remainder of the allegations in Paragraph 1 of the Petition are denied.

2.

The allegations in Paragraph 2 of the Petition are denied for lack of information sufficient to justify a belief therein.

3.

In response to the allegations of Paragraph 3 of the Petition, Chubb admits that it issued Homeowners Insurance Policy No.VBWH609656R4 to Mark Fonseca as the Named Insured for the property located at 283 Hwy 631 E. Des Allemands, LA 70030 ("Property"), for the policy period of April 25, 2021 to April 25, 2022 ("Policy"). Chubb further avers that the Policy is a written contract of insurance and is the best evidence of its terms, conditions and limitations, all of which are pled herein *in extenso*. Except as specifically admitted, the remainder of the allegations of Paragraph 3 of the Petition are denied.

4.

In response to the allegations in Paragraph 4 of the Petition, Defendant admits that Hurricane Ida made landfall in Louisiana on or about August 29, 2021. The remaining allegations of Paragraph 4 of the Petition are denied as written.

5.

The allegations of Paragraph 5 of the Petition are denied as written, except to admit that Hurricane Ida made landfall in Louisiana on or about August 29, 2021.

6.

The allegations of Paragraph 6 of the Petition are denied as written.

7.

In response to Paragraph 7 of the Petition, Chubb admits that on or about September 19, 2021, Chubb's Independent Adjuster conducted an inspection of the Property and that Plaintiff's claim was assigned claim number 2102863.  Except as specifically admitted, the allegations of Paragraph 7 of the Petition are denied.

8.

In response to Paragraph 8 of the Petition, Chubb admits that on or about September 19, 2021, Chubb's Independent Adjuster conducted an inspection of the Property and issued an estimate following the inspection.  Except as specifically admitted, the allegations of Paragraph 8 of the Petition are denied.

9.

The allegations of Paragraph 9 of the Petition are denied.

10.

The allegations of Paragraph 10 of the Petition are denied.

11.

The allegations of Paragraph 11 of the Petition are denied.

12.

The allegations of Paragraph 12 of the Petition are denied.

13.

The allegations in Paragraph 13 of the Petition including, but not limited to, subsections A. through F., are denied.

3

14.

The allegations of Paragraph 14 of the Petition are denied.

15.

The allegations of Paragraph 15 of the Petition are denied.

16.

The allegations of Paragraph 16 of the Petition are denied.

17.

The allegations of Paragraph 17 of the Petition are denied.

**BREACH OF INSURANCE CONTRACT**

18.

Paragraph 18 of the Petition adopts and re-alleges all allegations in the Petition. Chubb re-avers and reiterates its responses to all allegations of the Petition, as if set forth herein *in extenso*.

19.

The allegations of Paragraph 19 of the Petition are denied.

20.

In response to the allegations in Paragraph 20 of the Petition, Chubb avers that the Policy is a written contract of insurance and is the best evidence of its terms, conditions and limitations, all of which are pled herein *in extenso*. Except as specifically admitted, the allegations of Paragraph 20 of the Petition are denied.

21.

The allegations in Paragraph 21 of the Petition including, but not limited to, subsections A. through F., are denied.

22.

The allegations of Paragraph 22 of the Petition are denied.

## **<u>BAD FAITH</u>**

23.

Paragraph 23 of the Petition adopts and re-alleges all allegations in the Petition.  Chubb re-avers and reiterates its responses to all allegations of the Petition, as if set forth herein *in extenso*.

24.

The allegations of Paragraph 24 of the Petition are denied.

25.

Paragraph 25 of the Petition cites a statute rather than allegations for which a response is required.  To the extent a response is deemed necessary, La. Rev. Stat. Ann. § 22:1973 is the best evidence of its terms and therefore Chubb denies the allegations of Paragraph 25 of the Petition.

26.

Paragraph 26 of the Petition cites a statute rather than allegations for which a response is required.  To the extent a response is deemed necessary, La. Rev. Stat. Ann. § 22:1973 is the best evidence of its terms and therefore Chubb denies the allegations of Paragraph 26 of the Petition.

27.

Paragraph 27 of the Petition cites a statute rather than allegations for which a response is required.  To the extent a response is deemed necessary, La. Rev. Stat. Ann. § 22:1892 is the best evidence of its terms and therefore Chubb denies the allegations of Paragraph 27 of the Petition.

28.

The allegations of Paragraph 28 of the Petition are denied.

29.

The allegations of Paragraph 29 of the Petition are denied.

30.

The allegations in Paragraph 30 of the Petition including, but not limited to, subsections A. through G., are denied.

31.

The allegations of Paragraph 31 of the Petition are denied.

32.

The allegations of Paragraph 32 of the Petition are denied.

## **<u>DAMAGES</u>**

33.

Paragraph 33 of the Petition adopts and re-alleges all allegations in the Petition. Chubb re-avers and reiterates its responses to all allegations of the Petition, as if set forth herein *in extenso*.

34.

The allegations in Paragraph 34 of the Petition including, but not limited to, subsections A. through C., are denied.

35.

The allegations in Paragraph 35 of the Petition including, but not limited to, subsections A. through J., are denied.

## PRAYER FOR RELIEF

### 36.

Chubb denies that Plaintiff is entitled to the relief sought in the unnumbered conclusory paragraph of the Petition beginning with "WHEREFORE," including, but not limited to, subsections A. through K.

## THIRD DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, by the terms, conditions, provisions, limitations, exclusions and/or endorsements of Policy No. VBWH609656R4 issued to Mark Fonseca, as the Named Insured, in effect from April 25, 2021 to April 25, 2022 for the Property located at 283 Hwy 631 E. Des Allemands, LA 70030 ("the Property"). Chubb expressly and affirmatively pleads all terms, conditions, provisions, limitations, exclusions and endorsements of the Policy, including all policy limits, sub-limits, aggregates, deductibles, including the Named Storm Deductible, and occurrence provisions as if fully set forth herein *in extenso*. Chubb denies any allegations by Plaintiff that seeks to enlarge, vary, modify or contradict the terms, conditions, provisions, limits, limitations, exclusions and endorsements of the Policy.

## FOURTH DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, to the extent that Plaintiff's claims involve "Property Not Covered" under the Policy as described in Homeowner's 3 – Special Form, SECTION I – "PROPERTY COVERAGES" and the Policy's Declaration page. *Form HO 00 03 05 11* and *Form DEC-01*.

**FIFTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, to the extent that Plaintiff's claims are excluded by the General Endorsement, including but not limited to, the application of the "Actual Cash Value" provision(s). *Form B&W 2000-350 03/14.*

**SIXTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, to the extent any damage does not constitute "direct physical loss" caused by a covered peril, as set forth by the Policy provisions in SECTION I — PERILS INSURED AGAINST, A. Coverage A — Dwelling And Coverage B — Other Structures. *Form HO 00 03 05 11.*

**SEVENTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, to the extent they are not insured under the Policy as described in any provision in the Policy's Homeowners 3 – Special Form, SECTION I – PERILS INSURED AGAINST, including, but not limited to, A(2)(c)(5) mold, fungus or wet rot and A(2)(c)(6), subsections (a) through (i), including, but not limited to, wear and tear, marring, deterioration; mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself; smog, rust or other corrosion, or dry rot; and settling, shrinking, bulging or expansion. *Form HO 00 03 05 11.*

**EIGHTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, to the extent any damage was caused by Windstorm Or Hail as set forth by Policy, SECTION I — PERILS INSURED AGAINST, B. Coverage C — Personal Property, subpart 2. *Form HO 00 03 05 11.*

## NINTH DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, to the extent any damage was caused by Sudden and Accidental Damage from Artificially Generated Electrical Current as set forth by the Policy, SECTION I — PERILS INSURED AGAINST, B. Coverage C — Personal Property, subpart 15. *Form HO 00 03 05 11.*

## TENTH DEFENSE

Plaintiff's claims are barred or limited, in whole or in part to the extent excluded, by the Exclusions found in the Policy's Homeowners 3 – Special Form, SECTION I – EXCLUSIONS, including, but not limited to, subparagraphs A(3) ("Water"), A(4) ("Power Failure"), and A(5) ("Neglect"). *Form HO 00 03 05 11.*

## ELEVENTH DEFENSE

Plaintiff's claims are barred or limited, in whole or in part to the extent excluded, by the Exclusions found in the Policy's Homeowners 3 – Special Form, SECTION I – EXCLUSIONS, including, but not limited to, subparagraphs B(1) ("Weather conditions"), B(2) ("Acts or decisions, including the failure to act or decide of any person, group, organization or governmental body"), B(3) ("Faulty, inadequate or defective") (a) ("Planning, zoning, development, surveying, siting") (b)("Design, specifications, workmanship, repair, construction, renovation, remodeling, grading compaction"), (c)("Materials used in repair, construction, renovation or remodeling"), (d) ("Maintenance"). *Form HO 00 03 05 11.*

## TWELFTH DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, to the extent that Plaintiff failed to comply with the "Duties After Loss" set forth by the Policy's Homeowners 3 – Special Form,

SECTION I – CONDITIONS, subpart C. Duties After Loss (*Form HO 00 03 05 11*) and as amended by the Special Provisions – Louisiana Endorsement (*Form HO 01 17 02 15*).

### THIRTEENTH DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, based on the application of the Policy's loss settlement and payment provisions, as set forth by the Policy's Homeowners 3 – Special Form, SECTION I – CONDITIONS, subparts D. Loss Settlement and J. Loss Payment (*Form HO 00 03 05 11*) and as amended by the Special Provisions – Louisiana Endorsement (*Form HO 01 17 02 15*).

### FOURTEENTH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, by the Policy's Personal Property Replacement Cost Loss Settlement Endorsement. *Form HO 04 90 10 00*.

### FIFTEENTH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, by the Policy's Existing Damage Exclusion Endorsement. *Form BW-45 03/11*.

### SIXTEENTH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, by the Policy's Named Storm Percentage Deductible Endorsement. *Form HSNAMED STORM 01/04*.

### SEVENTEENTH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part to the extent applicable by the Policy's Limited Fungi, Wet or Dry Rot, or Bacteria Coverage – Louisiana Endorsement. *Form HO 03 42 08 11*.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, because Chubb acted in good faith at all times and in accordance with its claim adjustment and payment duties and obligations under La. R.S. 22:1892 and La. R.S. 22:1973.

## NINETEENTH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, to the extent Plaintiff failed to properly mitigate, minimize or avoid any alleged costs, loss or damages.

## TWENTIETH DEFENSE

Plaintiff's claims against Chubb are barred or limited, in whole or in part, to the extent Plaintiff failed to present satisfactory proof of loss.

## TWENTY-FIRST DEFENSE

This action and/or any relief sought against Chubb is or may be barred or limited, in whole or in part, on the basis of the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

## TWENTY-SECOND DEFENSE

Chubb affirmatively asserts, alleges and shows that it is entitled to a credit and/or set-off, under all applicable laws, against any payments, benefits, recoveries and/or judgments, which have and/or may be obtained by Plaintiff for all losses and/or other alleged damage which have been satisfied and/or payments or benefits which have and/or may be made to or on behalf of Plaintiff by any other person, entity and/or insurer, arising out of the loss and alleged damages at issue, and any other payment, benefit, recovery, and/or judgment which has and/or may be tendered to or on behalf of Plaintiff by any other person, entity, and/or insurer.

## **TWENTY-THIRD DEFENSE**

Plaintiff's Petition does not describe the facts with sufficient particularity to enable Chubb to determine all defenses that may ultimately pertain to the claims asserted.  Chubb hereby gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

**WHEREFORE**, Defendant, Chubb European Group SE, prays that its Answer and Defenses be deemed good and sufficient and that after all due and legal proceedings are had herein, there be judgment in favor of Defendant, Chubb European Group SE, dismissing, with prejudice, Plaintiff's Hurricane Ida Petition for Damages.  Defendant, Chubb European Group SE, further prays for all costs of these proceedings, including reasonable attorneys' fees, and for all general and equitable relief to which it may be entitled.

Respectfully submitted,

/s/*Charles P. Blanchard*
Leah Engelhardt  (#23232)
Charles P. Blanchard (#18798)
A. Elyce Ieyoub (#39918)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA  70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6054
Email:  blanchard@chaffe.com
        engelhardt@chaffe.com
        elyce.ieyoub@chaffe.com

*Attorneys for Chubb European Group SE*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has this date been served upon all counsel of record in this proceeding by:

        (   )  Hand Delivery         (   )  Prepaid U.S. Mail

        (   )  Facsimile         (   )  Federal Express

        (   )  E-mail         ( X )  ECF

New Orleans, Louisiana this 18th day of December 2023.

                */s/Charles P. Blanchard*
                CHARLES P. BLANCHARD